UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In Re:                                                                      Chapter 7

Rebel Yoga, LLC d/b/a Luna and Soul, d/b/a                 Case No. 822-70801-A736
Yoga Nanda,

        Debtor.
---------------------------------------------------------X

## STIPULATION TOLLING THE STATUTE OF LIMITATIONS

**WHEREAS**, a voluntary bankruptcy petition was filed by debtor and an Order for relief was entered on April 19, 2022, (the "Filing Date");

**WHEREAS**, Marc A. Pergament, Esq., was appointed as Chapter 7 Trustee of this estate (the "Trustee"); and

**WHEREAS**, the Trustee has been engaged in the investigation of the Debtor's financial affairs and prospective claims and causes of action under Bankruptcy Code §§ 546, 547, 548, 549, 550 and 551, the New York State Debtor and Creditor Law, other state Uniform Fraudulent Transfer Acts and state common law against certain parties including Beth Berman and Virayogaone, LLC ("Potential Defendants"); and

**WHEREAS**, the parties have previously agreed to an extension of the Trustees' time to commence any and all claims or actions against the Potential Defendants from April 18, 2024 to May 20, 2024; and

**WHEREAS**, the parties have stipulated to settle their dispute and will be seeking court approval of such stipulation; and

**WHEREAS**, the Potential Defendants agree that an extension of the Trustees' time to commence any and all claims or actions against the Potential Defendants is in the best interests of the parties; and

**WHEREAS**, the Potential Defendants have agreed to extend any and all statutes of limitations as to such claims or causes of action that may expire after May 20, 2024 (the "Effective Date") in accordance with the terms of this Stipulation Tolling the Statute of Limitations ("Agreement").

It is now, therefore, Stipulation and Agreed by and between the parties hereto as follows:

1. The Potential Defendants agree that any and all statues of limitations imposed under Bankruptcy Code §§ 546, 547, 548, 549, 550 and 551, the New York State Debtor and Creditor Law, other state Uniform Fraudulent Transfer acts and state common law that may be applicable to claims and causes of action that may be asserted by the Trustee or Debtor or the Debtor's affiliates against them shall be tolled from May 20, 2024 to July 31, 2024 (the "Tolling Period"). Any claim by the Trustee against the Potential Defendants shall, if filed prior to the expiration of the Tolling Period, be deemed to have been timely filed for all purposes as of April 18, 2024.

2. Other than as set forth herein, the Potential Defendants reserve all defenses and other rights that each may have with respect to any claims or causes of action that may be asserted by the Trustee or the Debtor's estate, and this agreement shall not be asserted or construed to be a waiver of any right or defense of theirs as against the Trustee. Nothing in this Agreement shall have the effect of reviving any claims that are otherwise barred by any statute of limitations prior to the date of this Agreement.

3. This Agreement is not, and shall not be asserted or construed to be, an admission or indication by any of the parties that they have any actual or potential liability to any other person (whether or not a party to this Agreement), or an admission as to any matter of law or fact. The parties further agree that this Agreement will not be admissible for any purpose other than to rebut a defense based on the passage of time.

4. This Agreement may be executed in counterparts, each of which shall be deemed an original.

5. The construction and effect of this Agreement shall be governed by the laws of the State of New York.

6. This Agreement constitutes the entire agreement among the parties hereto concerning the subject matter herein. It cannot be changed, modified or otherwise altered orally, but only be a writing executed and delivered by the parties hereto.

7. An electronically transmitted signature shall be deemed an original signature for the purposes of this Agreement.

8. The signatories to this Agreement represent that they have the authority to bind the parties on whose behalf they are signing.

9. This Agreement shall be effective upon execution by each of the parties.

10. The Bankruptcy Court shall retain jurisdiction over the terms and conditions of this Stipulation.

Dated: Garden City, New York
      May 15, 2024

| | |
|---|---|
| s/Lon Seidman | s/Paul R. McDougal |
| Lon Seidman | Paul R. McDougal |
| Lamonica Herbst & Maniscalco, LLP | Walsh Markus McDougal &DeBellis, LLP |
| Attorney for Beth Berman and Beth Berman | Attorney for Trustee Marc A. Pergament |
| 3305 Jerusalem Avenue | 229 Seventh Street, Suite 200 |
| Wantagh, New York 11793 | Garden City, New York 11530 |
| (516) 826-6500 | (516) 408-9000 |

So Ordered